### KOOY et al. v. VAN WINKLE et al.
### No. 6150.

Circuit Court of Appeals, Third Circuit.

Feb. 19, 1937.

Bernard Feinberg and Victor Greenburg, both of Passaic, N. J., for appellants.

Wm. A. Sumner, of Paterson, N. J., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the bankruptcy case of Lambertus C. Bobbink in the court below, Peter and Agnes Kooy presented a claim to have themselves declared beneficiaries in an alleged trust fund and so to have preference over general creditors of the bankrupt. The matter was referred to a referee, who reported against them and his report was approved by the court. Thereupon petitioners took this appeal. On consideration had, we are of opinion the court committed no error.

The facts are that Peter Kooy had worked for the bankrupt, who was a florist, since 1911. In 1923 the latter suggested to Kooy that he leave each year a certain portion of his wages and he would thus have something for his old age. To this Kooy agreed and at the date of the bankruptcy Kooy was credited with $6,500. Upon the sums retained Kooy was regularly paid 6 per cent. interest. In 1931 the bankrupt gave Kooy a paper as follows:

"July 1, 1931.

"Received from Peter Kooy or Irene Agnes Kooy, his wife, payable to the survivor, Six Thousand Five Hundred and 00/100 Dollars ($6,500.00) to be used by us, and to be considered as an Employee's Saving Fund, interest to be allowed at the rate of 6% payable quarterly on the first day of January, April, July and October. The maker, Bobbink & Atkins, reserves the right to demand six (6) months notice by the depositor, Peter Kooy or Irene Agnes Kooy, of their desire to withdraw this money and also reserves the right to repay this loan on any interest date on thirty (30) days written notice.

"Bobbink & Atkins
"Per L. C. Bobbink"

The referee held this did not constitute a trust. We agree therewith. The paper evidences not a trust, but an interest-bearing loan, viz., "($6,500) to be used by us." It describes the signatories as "the maker." It describes Kooy as "the depositor." It characterizes the transaction as "this loan." In point of fact, no trust fund was segregated, established, or entered on the books of Bobbink.

In view of these facts, it is clear that the money, while styled "an employee's Saving Fund," was in fact an interest-bearing loan and, therefore, Kooy is an unsecured creditor. So regarding, the decree below is affirmed.